HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHRYN E. SESTRAP,

    Plaintiff,

    v.

MICROSOFT CORPORATION, et al.,

    Defendants.

CASE NO. C12-1919RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Microsoft Corporation's motion to dismiss Plaintiff Kathryn Sestrap's claims against it, as well as a stipulated motion to continue the November 12 trial date and related dates. For the reasons stated below, the court DENIES both motions. Dkt. ## 8, 25.

## II. BACKGROUND

The court describes the facts underlying this case as Ms. Sestrap alleges them in her complaint. Ms. Sestrap was a Microsoft software engineer. In March 2010, she left Microsoft because of the onset of conditions including uterine cancer, various gastrointestinal disorders, fatigue and sleep issues, and kidney trouble.

Ms. Sestrap received short-term disability payments from Microsoft until almost the end of 2010. By around the same time, she apparently requested long-term disability benefits from Microsoft, the Microsoft Corporation Welfare Plan (the "Plan"), and The

ORDER – 1

Prudential Insurance Company ("Prudential), which administers the Plan.  According to Ms. Sestrap, the Plan is an employee welfare benefit plan within the meaning of the Employment Retirement Income Security Act of 1974 ("ERISA"), and Prudential was an ERISA fiduciary of the Plan.

In January 2011, the Plan, Microsoft, and Prudential notified Ms. Sestrap that she would no longer receive short-term disability benefits and denied her claim for long-term disability benefits.  Ms. Sestrap internally appealed the denial to Prudential, but Prudential (and perhaps Microsoft and the Plan as well)[1] denied those appeals in November 2011 and July 2012.

Ms. Sestrap succeeded in obtaining disability benefits from the Social Security Administration in September 2012.  Based on that determination, she again asked Prudential to reconsider its denial of long-term disability benefits.  Prudential refused.

Ms. Sestrap purported to state four claims based on these allegations.  In the first, she asserted that all three Defendants breached a contract to provide her with short-term disability benefits.  In the second and third, she asserted that all three Defendants were liable for bad faith and for negligence in their handling of her claim for short-term disability benefits.  In the fourth, she contended that all three Defendants violated ERISA by denying her both short-term and long-term disability benefits.

Microsoft, and Microsoft alone, filed a motion to dismiss.  When Ms. Sestrap opposed the motion in January of this year, she conceded that ERISA did not apply to her short-term disability benefits claims.  She appears to have abandoned any claim that Microsoft was responsible, under ERISA or otherwise, for the denial of her long-term disability benefits.  She opposed only Microsoft's request to dismiss her breach-of-

---

[1] Ms. Sestrap's complaint is often vague as to which Defendant committed a particular act.  She shifts between naming specific Defendants, unnamed individual Defendants, and "Defendants" collectively in a manner that often makes it impossible to ascertain the party at whom she points her finger.

ORDER – 2

contract claim against it.  At the same time, the parties filed a stipulation to dismiss her negligence and bad faith claims.

Thus, by the time the parties filed their joint status report (about a month after Ms. Sestrap's opposition to the motion to dismiss), Ms. Sestrap had just two claims: one against all three Defendants for a breach of a contract to provide short-term disability benefits, and one against the Plan and Prudential for violating ERISA in denying her long-term disability benefits.  In the joint status report, no party (including Ms. Sestrap) acknowledged that her breach-of-contract claim was against all three Defendants.  Instead, Microsoft took the position that it should not provide discovery unless the court denied its motion to dismiss, and the Plan and Prudential took the position that ERISA does not permit discovery beyond the administrative record underlying the denial of benefits.  The court issued a scheduling order that set a November 12 trial date, with discovery to close on July 15.  The court did not address the parties' discovery positions in the scheduling order, and no party has filed a discovery motion.

It appears that no one has conducted any discovery.  In a recent stipulated motion, the parties ask the court to continue the trial date until March 11, with a corresponding continuance of all pretrial deadlines.  The sole justification the parties offer for the continuance is that Ms. Sestrap and Microsoft agreed that they would prefer not to take discovery until the court resolved the motion to dismiss.  The stipulated motion does not address her claims against the Plan or Prudential or address the status of discovery on those claims.

The court now considers Microsoft's motion to dismiss and the parties' stipulated motion for a continuance.

### III.  ANALYSIS

Microsoft invokes Fed. R. Civ. P. 12(b)(6), which permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of

ORDER – 3

the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Microsoft's argument regarding Ms. Sestrap's breach of contract claim is that she has neither adequately alleged the existence of a contract nor has she pointed to a particular portion of that contract that Microsoft violated. Microsoft acknowledges that Ms. Sestrap specifically pointed to Microsoft's Short Term Disability Leave of Absence Policy. Microsoft does not dispute her allegation that Microsoft itself paid her short-term disability benefits for many months.

Ms. Sestrap has adequately stated a breach of contract claim. Assuming that the Short Term Disability Leave of Absence Policy is not a contract (the court suggests no opinion on that issue), Microsoft is correct that Ms. Sestrap has not pointed to a specific contract (or provision within a contract) regarding its obligation to pay her short-term disability benefits. She has, however, alleged that Microsoft *paid* her short-term disability benefits. She reasonably infers (as does the court) that Microsoft did not do so as an act of charity. Because Microsoft paid her, it is reasonable to assert that it was

ORDER – 4

obligated to do so, and reasonable to assert that obligation arose out of a contract. Those assertions may turn out to be incorrect, but they are far from implausible. The court has no idea what Microsoft's position is regarding its obligation to provide short-term disability benefits. Does it have no obligation? Does its obligation arise from something other than a contract? The court cannot say why Microsoft chose to file a motion to dismiss rather than provide Ms. Sestrap with information (in discovery or informally) explaining its position regarding her short-term benefits claim. The court can only say that Ms. Sestrap has adequately stated a breach-of-contract claim. There may be instances in which a plaintiff is obligated to point to a specific contract clause to put a defendant on notice of a breach-of-contract claim, but this is not one of them.

As to case scheduling matters, the court denies the parties' stipulated motion to continue the trial date and related dates without prejudice. The court's scheduling order emphasizes that the deadlines set therein are "firm dates that can be changed only by order of the Court," and "only upon good cause shown." Dkt. # 24 at 2. The stipulated motion before the court is wholly silent as to Ms. Sestrap's claims against the Plan and Prudential. If the parties choose to renew their motion, they shall address those claims, and they shall explain why the existing scheduling order does not provide sufficient time to address her breach-of-contract claim against Microsoft.

## IV.  CONCLUSION

For the reasons previously stated, the court DENIES Microsoft's motion to dismiss (Dkt. # 8) and DENIES the parties' stipulated motion to continue the trial date (Dkt. # 25).

DATED this 9th day of May, 2013.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5